UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

EDWIN RODRIGUEZ,

    Plaintiff,

vs.

THE SCHOOL BOARD OF
BROWARD COUNTY,

    Defendant.
_____/

# COMPLAINT

Plaintiff Edwin Rodriguez ("RODRIGUEZ"), through counsel, files this Complaint against the Defendant School Board of Broward County ("SCHOOL BOARD"), a public School District of State of Florida, and alleges:

## INTRODUCTION

1. Plaintiff RODRIGUEZ, a former employee of the Defendant SCHOOL BOARD, brings this action under Title VII of the Civil Rights Act of 1964 to redress the wrongs done to him by Defendant School Board's discrimination and its subsequent retaliation following his complaint of discrimination.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over Plaintiff RODRIGUEZ's claims under federal law pursuant to 28 U.S.C. §1331. Venue is appropriate as all material acts and occurrences described herein occurred within Broward County, Florida and the geographic area covered by the Southern District of Florida.

## FACTS

4. Plaintiff RODRIGUEZ was employed by Defendant SCHOOL BOARD as a bus driver in August 2003.

5. In or around July 2005 he was promoted to the position of Relief Operator for Defendant SCHOOL BOARD.

6. In December 2012 the Terminal Managers were notified by Defendant SCHOOL BOARD that the number of Relief Operators was going to reduced and that they were to submit a list of their most senior Relief Operators.

7. From these lists Defendant SCHOOL BOARD was to identify the fifty (50) most senior Relief Operators who would remain in that position. All others would be given an option to accept a demotion to the position of Bus Driver or resign.

8. On December 21, 2012 Plaintiff RODRIGUEZ was notified that he was being demoted to the position of Bus Driver despite having more seniority than those retained as Relief Operators.

9. On January 28, 2013 Plaintiff RODRIGUEZ submitted an internal complaint stating that his demotion to Bus Driver was discriminatory based on his race, White, and national origin, Hispanic.

10. Defendant SCHOOL BOARD investigated Plaintiff RODRIGUEZ's complaint and despite finding he had more seniority than those retained as Relief Operators, declined to retract the demotion.

11. Following Plaintiff RODRIGUEZ's complaint, Defendant SCHOOL BOARD engaged in retaliation by subjecting him to demotions, unwarranted disciplinary decisions and suspensions from employment.

12. Plaintiff RODRIGUEZ has retained the undersigned law firm and agreed to pay it a reasonable fee for its services associated with this litigation.

13. All conditions precedent have been satisfied and/or waived. More specifically, Plaintiff RODRIGUEZ filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in May 2014.

14. On December 27, 2017 the EEOC issued the attached, Exhibit A, Letter of Determination finding merit in Plaintiff RODRIGUEZ's claims for National Origin and Race discrimination as well as his claim for Retaliation.

15. Conciliation efforts were unfruitful and on April 8, 2019 the U.S. Department of Justice issued the attached, Exhibit B, Notice of Right to Sue.

## COUNT I
### (Title VII – National Origin Discrimination)

16. Plaintiff RODRIGUEZ adopts and realleges paragraphs 1 through 15 as if fully set forth herein.

17. At all times material hereto, Plaintiff RODRIGUEZ was an employee within the meaning of Title VII.

18. At all times material hereto, Defendant SCHOOL BOARD was an employer within the meaning of Title VII.

19. During Plaintiff RODRIGUEZ's employment with Defendant SCHOOL BOARD he was subjected to the aforementioned discrimination based on his National Origin, Hispanic, and was treated different, less favorably, than non-Hispanic Relief Drivers who were able to retain their positions despite less seniority.

20. As a result of being subjected to this discrimination, Plaintiff RODRIGUEZ suffered lost wages and benefits. He also suffered humiliation, embarrassment and damage to his reputation.

WHEREFORE, Plaintiff RODRIGUEZ demands judgment against Defendant SCHOOL BOARD as follows:

   A. Back pay and benefits;

   B. Compensatory damages;

   C. Attorney's fees and costs;

   D. Injunctive relief and/or Front Pay; and

E.   Such other relief as this Court shall consider to be fair and equitable.

## COUNT II
### (Title VII – Race Discrimination)

21.   Plaintiff RODRIGUEZ adopts and realleges paragraphs 1 through 15 as if fully set forth herein.

22.   At all times material hereto, Plaintiff RODRIGUEZ was an employee within the meaning of Title VII.

23.   At all times material hereto, Defendant SCHOOL BOARD was an employer within the meaning of Title VII.

24.   During Plaintiff RODRIGUEZ's employment with Defendant SCHOOL BOARD he was subjected to the aforementioned discrimination based on his Race, White, and was treated different, less favorably, than non-White Relief Drivers who were able to retain their positions despite less seniority.

25.   As a result of being subjected to this discrimination, Plaintiff RODRIGUEZ suffered lost wages and benefits. He also suffered humiliation, embarrassment and damage to his reputation.

WHEREFORE, Plaintiff RODRIGUEZ demands judgment against Defendant SCHOOL BOARD as follows:

A.   Back pay and benefits;

B.   Compensatory damages;

C.   Attorney's fees and costs;

D.   Injunctive relief and/or Front Pay; and

E.   Such other relief as this Court shall consider to be fair and equitable.

## COUNT III
### (Title VII – Retaliation)

26.   Plaintiff RODRIGUEZ adopts and realleges paragraphs 1 through 15 as if fully set forth herein.

27. At all times material hereto, Plaintiff RODRIGUEZ was an employee within the meaning of Title VII.

28. At all times material hereto, Defendant SCHOOL BOARD was an employer within the meaning of Title VII.

29. During Plaintiff RODRIGUEZ's employment with Defendant SCHOOL BOARD he complained of the discriminatory treatment he experienced.

30. Following his complaint, Plaintiff RODRIGUEZ was retaliated against by both unwarranted disciplinary decisions and suspensions from employment.

31. As a result of being subjected to this retaliation, Plaintiff RODRIGUEZ suffered lost wages and benefits. He also suffered humiliation, embarrassment and damage to his reputation.

WHEREFORE, Plaintiff RODRIGUEZ demands judgment against Defendant SCHOOL BOARD as follows:

A. Back pay and benefits;

B. Compensatory damages;

C. Attorney's fees and costs;

D. Injunctive relief and/or Front Pay; and

E. Such other relief as this Court shall consider to be fair and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff RODRIGUEZ hereby demands a trial by jury on all issues triable of right by a jury.

/s/ Arthur Schofield, Esq.
ARTHUR T. SCHOFIELD, P.A.
Via Jardin Building
330 Clematis Street, Suite 207
West Palm Beach, Florida 33401
(561) 655-4211
Fax (561) 655-5447
Fla. Bar No. 984434
aschofield@flalabor.com

ATTORNEY FOR PLAINTIFF

**EXHIBIT "A"**

ARTHUR T. SCHOFIELD, P.A. │ Via Jardin │ 330 Clematis Street │ Suite 207 │ West Palm Beach, FL 33401
(561) 655-4211 │ Facsimile (561) 655-5447
www.flalabor.com



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Miami Status Line: (866) 408-8075
Miami Direct Dial: (305) 808-1740
TTY (305) 808-1742
FAX (305) 808-1855

EEOC Charge No. 510-2014-03412

Edwin Rodriguez                                          Charging Party
5500 SW 28th Terrace
Ft. Lauderdale, FL 33312


Broward County School Board                              Respondent
C/o Wladimir Alvarez
EEO/ADA Compliance Director
600 SE 3rd Ave
Ft. Lauderdale, FL 33301

## LETTER OF DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination on the merits of this charge, filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII) and the Age Discrimination in Employment Act of 1967, as amended (ADEA). Timeliness and all other jurisdictional requirements for coverage have been met.

Charging Party alleges that he was subjected to discrimination based on his race (White), national origin (Hispanic), age/54, and retaliation. Specifically, Charging Party alleged that he was hired in August 2003 as a Bus Operator. Charging Party alleges that in July 2005, he was promoted to Relief Driver. Charging Party alleges that in December 2012, he was notified that Respondent planned to reduce the amount of Relief Drivers to the 50 most senior Relief Drivers. Charging Party alleges that he was demoted and reclassified to Bus Driver in August 2013. Charging Party alleges that he submitted a formal complaint in January 2013, which was investigated by Respondent. Charging Party alleges that Respondent found that he has less seniority than two out of three individuals, and his complaint was unsubstantiated. Charging Party alleges that since filing his internal complaint, he has been subjected to harassment, discipline and suspension.

The Commission concludes that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against Charging Party because of his national origin/Hispanic, race/White, and retaliated against him due to his participation in a protected activity.

Letter of Determination
EEOC Charge No. 510-2014-03412
Page 2 of 3

However, I have determined that the evidence obtained is insufficient to establish a violation of the Age Discrimination in Employment Act of 1967, as amended (ADEA) in regards to discrimination due to age/54.

This determination and dismissal concludes the processing of this charge under the ADEA. This letter will be the only notice of the Charging Party's right to sue under the ADEA sent by the Commission. The Charging Party may only pursue the ADEA issue further by filing suit against Respondent within 90 days of receipt of this letter. Otherwise, Charging Party's right to sue will be lost.

If the charge was filed within 180 days of the alleged discrimination (300 days in states with an age discrimination law), Charging Party may sue under the ADEA for recovery of backpay, an equal amount as liquidated damages, appropriate make-whole or injunctive relief, plus attorney's fees and court costs.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. In this regard, conciliation of this matter has now begun. Please be advised that upon receipt of this Determination, the Commission will consider any reasonable offer to resolve this matter.

Please complete the enclosed Invitation to Conciliate, EEOC Form 153, and return it to the Commission at the above address **on or before fifteen (15) days** from the date of this letter. You may fax your response directly to (305) 808-1855, to the attention of Alyssa K. Keene, EEOC Investigator. You may also contact us to schedule a Conciliation Conference to be held in our Miami office. Please be advised that the confidentiality provisions of Sections 706 and 709 of Title VII and the Commission's Regulation apply to information obtained during conciliation.

Failure to respond within fifteen (15) calendar days of the date of this letter will indicate that you are not interested in conciliating this matter and the Commission will determine that efforts to conciliate this charge as required by Title VII have not been successful. Should you have any questions, please contact Investigator Keene at (305) 808-1829.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission's investigations is also prohibited. These

Letter of Determination
EEOC Charge No. 510-2014-03412
Page 2 of 3

protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission,

*Nitza Santos Wright*

12-27-17
Date

*for* Michael J. Farrell
District Director

Enclosures: Invitation to Conciliate

cc:
<u>Charging Party Representative:</u>
Arthur T. Schofield, P.A.
Via Jardin Building
330 Clematis Street, Suite 207
West Palm Beach, FL 33401

# EXHIBIT "B"

ARTHUR T. SCHOFIELD, P.A. │Via Jardin │ 330 Clematis Street │Suite 207 │ West Palm Beach, FL 33401
(561) 655-4211 │ Facsimile (561) 655-5447
www.flalabor.com

**U.S. Department of Justice**

Civil Rights Division

ESD:KDW:KLF
DJ 170-18-0

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL 7003 0500 0002 5072 0063
RETURN RECEIPT REQUESTED

APR - 8 2019

Mr. Edwin Rodriguez
c/o Arthur T. Schofield, Esquire
Via Jardin Building
330 Clematis Street, Ste. 207
West Palm Beach, FL  33401

Re: Edwin Rodriguez v. Broward County School Board
EEOC Charge No. 510-2014-03412

Dear Mr. Rodriguez:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

We are returning the files in this matter to the EEOC's Miami District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to:   Michael J. Farrell, Director, EEOC, 100 S.E. 2nd Street, Ste. 1500, Miami, FL 33131.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

By: *[signature]*

Karen D. Woodard
Principal Deputy Chief
Employment Litigation Section

cc: Edwin Rodriguez
Broward County School Board c/o Wladimir Alvarez, EEO/ADA Compliance Director
EEOC, Miami District Office